UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PAUL C. RUNZE, ) | |
| ) | |
| Plaintiff, ) | No. 1:19-CV-07151 |
| ) | |
| v. ) | |
| ) | Judge Edmond E. Chang |
| MARRIOTT INTERNATIONAL INC., ) | |
| SODEXO, INC.; ) | |
| PROTEA HOTEL BY MARRIOTT ) | |
| ENTEBBE, PROTEA HOTELS ) | |
| UGANDA, LTD., and PROTEA HOTELS ) | |
| INTERNATIONAL, LTD., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Paul Runze brought this action against various hotel companies, alleging negligence maintenance of a stairway inside at the Protea Hotel, which is located in Uganda.[1] R.1-1, Compl.[2] The Defendants are Marriott International, Inc.; Protea Hotels Uganda Limited (Protea Uganda); and Protea Hotel (International) Limited (Protea International).[3] The two Protea corporate entities seek dismissal from the case (Counts 4 and 5 target them) for lack of personal jurisdiction. R. 12; Fed. R. Civ. P. 12(b)(2). Next, relying on the doctrine of *forum non conveniens*, the Defendants move

---

[1]This Court has subject matter jurisdiction under 28 U.S.C. § 1332. This suit involves a controversy between parties of diverse citizenship, and the relief sought exceeds $75,000.
[2]Citations to the record are "R." followed by the docket entry number and, if needed, a page or paragraph number.
[3]In their notice of removal, Defendants state that Protea Hotels Uganda Limited and Protea Hotels (International) Limited were named incorrectly as "Protea Hotels Uganda, Ltd." and "Protea Hotels International, Ltd." respectively. R. 1 at 1.

to dismiss all of the claims because Uganda—not Chicago, not Illinois, and not even the United States—is where the accident happened.[4] R. 12. Lastly, Marriott and Protea International move to dismiss Counts 1 and 5 for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Id.*

## I. Background

For purposes of this motion, and unless otherwise noted, the Court accepts as true the allegations in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But not many facts are needed to resolve the dismissal motion. Paul Runze, a citizen and resident of Minnesota, tripped and fell on a stairway in the Protea Hotel in Entebbe, Uganda. R. 1, Notice of Removal ¶ 8; Compl. at 2–3. Runze blames the accident on the fact that the stairway was behind the reservation desk and the stairs were not clearly marked. *Id.* at 3. Runze alleges that Marriott, Protea Uganda, and Protea International owned, operated, and managed the Protea Hotel. Compl. at 2, ¶¶ 8–10. As a result of tripping and falling on the stairway, Runze sustained bodily injuries and suffered from mental anguish. *Id.* ¶¶ 3, 9, 11. Runze filed this lawsuit in state court, but the Defendants removed the case to federal court, R. 1, and have now moved to dismiss it, R. 12.

---

[4]Count 2 is a negligence claim against Sodexo, Inc. Runze has agreed voluntarily to dismiss Sodexo because that company did not own, operate, manage, or control the hotel at any time. R. 1, Notice of Removal ¶ 14. Count 3 is a negligence claim against "Protea Hotel by Marriott Entebbe." But the Defendants contend this is merely the branded name of the hotel at issue and not a separate legal entity. *Id.* at 13; R. 13, Defs.' Mot. Dismiss at 1 n.1. Runze does not respond to this contention, so Count 3 is dismissed as well.

## II. Legal Standard

Under Federal Rule of Civil Procedure 8(a)(2), a complaint should include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This short and plain statement must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (cleaned up).[5] The Seventh Circuit has explained that this rule "reflects a liberal notice pleading regime, which is intended to focus litigation on the merits of a claim rather than on technicalities that might keep plaintiffs out of court." *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir.2009) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)) (cleaned up).

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief can be granted." *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). These allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The allegations that are entitled to the assumption of truth are those that are factual, rather than mere legal conclusions. *Iqbal*, 556 U.S. at 678–79.

---

[5] This opinion uses (cleaned up) to indicate that internal quotation marks, alterations, and citations have been omitted from quotations. *See* Jack Metzler, *Cleaning Up Quotations*, 18 Journal of Appellate Practice and Process 143 (2017).

When a defendant challenges personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), the burden is on the plaintiff to establish that personal jurisdiction is proper, at least by a *prima facie* case. *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003) (explaining that plaintiffs generally need only make a *prima facie* case of personal jurisdiction). But if there are disputes over facts that are necessary to decide the issue, then discovery might be authorized and, if need be, an evidentiary hearing might be convened. *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002). If the district court holds an evidentiary hearing to determine jurisdiction, a plaintiff must prove that personal jurisdiction applies by a preponderance of the evidence. *Purdue Research Found.,* 338 F.3d at 783. This makes review of jurisdiction quite different from dismissal motions that challenge the merits, in which the Court "accepts all well-pleaded allegations in the complaint as true." *Hyatt Int'l Corp.,* 302 F.3d at 713.

## II. Analysis

### A. Personal Jurisdiction

The two Protea corporate entities—Protea International and Protea Uganda—contest this Court's exercise of personal jurisdiction over them. Under the Federal Rules of Civil Procedure, a district court generally may exercise personal jurisdiction over a defendant who is subject to the jurisdiction of the state in which the district court sits. Fed. R. Civ. P. 4(k)(1)(A). In Illinois, that means that a federal district court "may exercise personal jurisdiction over [the Defendants] if it would be permitted to do so under the Illinois long-arm statute." *uBid, Inc. v. GoDaddy Group, Inc.*, 623

F.3d 421, 425 (7th Cir. 2010). "Because Illinois permits personal jurisdiction if it would be authorized by either the Illinois Constitution or the United States Constitution, the state statutory and federal constitutional requirements merge." *Id.* Moving on to the federal constitutional standard, then, under the Due Process Clause, personal jurisdiction requires a defendant to have made "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (cleaned up).

Personal jurisdiction can be either general or specific. A federal court may exercise general jurisdiction if the defendant's contacts with the forum state are "so continuous and systematic as to render them essentially at home" there. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (cleaned up). That is the broadest form of personal jurisdiction, because a defendant may be sued in the home forum even if the lawsuit has *zero* relationship to the defendant's contacts in that home state. In contrast, "specific" jurisdiction only allows courts to hear lawsuits in which the defendant's contacts with the forum state specifically give rise to the plaintiff's claims. *See Curry v. Revolution Labs.*, LLC, 949 F.3d 385, 395 (7th Cir. 2020). To make out a *prima facie* case of specific personal jurisdiction, a plaintiff must adequately allege three elements: "(1) the defendant must have purposefully availed himself of the privilege of conducting business in the forum state or purposefully directed his activities at the state; (2) the alleged injury must have arisen from the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport

5

with traditional notions of fair play and substantial justice." *Felland v. Clifton*, 682 F.3d 665, 673 (7th Cir. 2012) (cleaned up) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985); *Int'l Shoe Co.*, 326 U.S. at 316).

General jurisdiction does not apply. Neither Protea International nor Protea Uganda are at home in Illinois nor maintain continuous and systematic contacts here. It is not a close question. Protea Uganda submitted an affidavit from its Managing Director, Stuart Cook. In it, Cook avers that Protea Uganda's shares are registered in Uganda, and that also is where the company's headquarters and principal place of business are located. R. 18-2, Mot. Dismiss, Exh. B, Cook Aff. ¶ 3. Protea Uganda also avers (through Cook's affidavit) that the company has no officers, directors, employees, real property, places of business, registered agents, bank accounts, or any other assets in the *United States*, let alone Illinois. *Id.* ¶¶ 5–9.

The same goes for Protea International. That company submitted the declaration of one of its Directors, Paul Simmons. R. 18-3, Mot. Dismiss, Exh. C, Simmons Decl. According to Simmons, Protea International is incorporated under the laws of England and Wales. *Id.* ¶ 3. Like Protea Uganda, Protea International has no officers, directors, employees, real property, place of business, telephone number, registered agent, bank account, or any other assets in the United States. *Id.* ¶¶ 6–9.

Runze does not rebut these statements other than to complain about the lack of supporting documentation. R. 22, Pl. Resp. Br. at 12. But the Court would not expect that the companies would generate records, in the ordinary course of business,

6

that would state the *negative* statement that the companies have none of those contacts with the United States (not to mention a specific state like Illinois). With public-records databases, corporate-information databases, and other asset databases widely available online, Runze should have been able to come up with a hint of some connection to the United States if there was one. So there is no reason to doubt these under-oath representations. Ultimately, Runze presents no facts to show that either Protea Uganda or Protea Uganda has conducted *any* business in Illinois, let alone business that is systematic and continuous. General jurisdiction does not apply here over Protea Uganda or Protea International.

The same conclusion applies to specific jurisdiction. Runze offers no reason to think that his claims against Protea Uganda and Protea International arise out of specific contacts of those companies with Illinois. Obviously, the accident did not happen here, and there is no other basis to connect the claims to Illinois. For example, there is no basis to think that the Protea companies designed the stairway or its signage here, or bought the stairway from a manufacturer or distributor here. Instead of presenting those type of claim-specific connections, Runze simply contends that *Marriott*'s contacts with Illinois confers something Runze calls "vicarious jurisdiction" to Protea International and Protea Uganda on the notion that the companies are Marriott's agents. R. 22, Pl. Resp. at 12–15. But due process requires that each particular defendant be subject to personal jurisdiction through its own contacts with the forum. *Rush v. Savchuk*, 444 U.S. 320, 332 (1980). Mere affiliation between two entities does not impute one company's minimum contacts on the other. *Cent. States, Se. & Sw.*

7

*Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 943–45 (7th Cir. 2000); *see also Keeton v. Hustler Magazine, Inc.,* 465 U.S. 770, 781 n.13 (1984) ("jurisdiction over an employee does not automatically follow from jurisdiction over the corporation which employs him; nor does jurisdiction over a parent corporation automatically establish jurisdiction over a wholly owned subsidiary"). Without more, Protea Uganda and Protea International cannot be haled into Illinois solely on account of the contacts established by a purported principal.

Even if there was a viable theory of vicarious personal jurisdiction connection Marriott with Protea Uganda and Protea International, there would be no specific personal jurisdiction to impute. Remember that *specific* jurisdiction requires a specific connection between the conduct underlying the claims with the forum. But all that Runze offers is that Marriott, Protea International, and Protea Uganda advertised the Protea Hotel in Uganda as a "Marriott" hotel via the Marriott trademark, logo, and online reservation system. Pl. Resp. Br. at 14–15. But that is not enough to satisfy constitutionally adequate contacts with *Illinois*. Generally speaking, merely maintaining a website that is accessible to customers in the forum state does not create minimum contacts. *See be2 LLC v. Ivanov,* 642 F.3d 555, 558–59 (7th Cir. 2011); *Mobile Anesthesiologists Chicago, LLC v. Anesthesia Assocs. of Houston Metroplex, P.A.*, 623 F.3d 440, 446 (7th Cir. 2010). A defendant must in some way specifically target the forum state's market. *Ivanov,* 642 F.3d at 558–59. Runze offers no evidence to show that Marriott, Protea International, or Protea Uganda specifi-

8

cally targeted the Illinois market. Worse, Runze does not even allege that *he* did anything connected to the claim in *Illinois*. For example, Runze—who lives in Minnesota—does not say that he was somehow in Illinois when he made the hotel reservation. Indeed, he does not even say that he used Marriott's online reservation system to make the reservation. And indeed again, Runze never even alleges that he booked a room at the Protea Hotel at all. He merely alleges that he was "legally on [the[ premises." Compl. ¶ 6. In any event, reservation or not, how did Runze's presence at the Protea Hotel in Uganda arise from any conduct directed by any of the Defendants at Illinois? The answer is that it did not. Neither Protea International nor Protea Uganda has sufficient (or any) contacts with Illinois to satisfy due process in haling them into court here. Those two Defendants are dismissed from the case for lack of personal jurisdiction.

## B. *Forum Non Conveniens*

Moving beyond the Protea entities, all of the Defendants also move to dismiss the case based on *forum non conveniens*, contending that Uganda provides the proper forum. Mot. Dismiss at 8. The common law doctrine of *forum non conveniens* allows a federal district court to dismiss a suit over which it would normally have jurisdiction in order to best serve the convenience of the parties and the ends of justice. *Stroitelstvo Bulgaria Ltd. v. Bulgarian-Am. Enter. Fund*, 589 F.3d 417, 421 (7th Cir. 2009). The doctrine applies when an alternative forum has jurisdiction to hear a case, and when a trial in the forum chosen by the plaintiff would result in burdens on the defendant far outweighing the plaintiff's convenience, or when the chosen forum

9

would generate administrative or legal entanglements for the trial court. *Kamel v. Hill-Rom Co.*, 108 F.3d 799, 802 (7th Cir. 1997). "The *forum non conveniens* determination is committed to the sound discretion of the trial court." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257 (1981). A defendant invoking *forum non conveniens* ordinarily bears a heavy burden in opposing the plaintiff's chosen forum. When the plaintiff's choice is not its own home forum, however, the presumption in the plaintiff's favor "applies with less force." *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.,* 549 U.S. 422, 430 (2007).

The first step in any *forum non conveniens* inquiry is to decide whether an adequate alternative forum exists. *Kamel*, 108 F.3d at 802. For a foreign forum to be adequate, it is not necessary that the forum's legal remedies be as comprehensive or as favorable for the claims a plaintiff might bring in an American court. *Stroitelstvo*, 589 F.3d at 421. Instead, the test is whether the forum provides some potential avenue for redress for the subject matter of the dispute. *Id.*

Here, Runze raises several concerns with Uganda's legal system. Pl. Resp. at 16. He argues that the Ugandan courts are backlogged, lack a jury system, lack adequate discovery rules, lack formal evidentiary rules, limit the grounds for appeal, and lack provisions for fee-shifting. *Id.* at 16–18. Some of these points readily miss the mark: Runze cites no blanket requirement that a *forum non conveniens* dismissal is inappropriate merely because a foreign nation does not provide jury trials for personal-injury cases, and the same goes for party-driven discovery. Indeed, Runze

10

acknowledges that "Ugandan courts may conduct independent discovery investigations, call their own expert witnesses and *amicus curie* for testimony." Pl. Resp. Br. at 17. Court-initiated discovery and fact-finding is not uncommon in other nations. The lack of fee-shifting is actually the presumption in American courts too, so there is no reason for Runze to complain that Ugandan courts do not offer that. Indeed, in this personal-injury negligence case, it seems that Runze also cannot obtain fee-shifting as part of a judgment here in the United States.

Having said that, ordinarily, courts are aided by expert testimony when tasked to determine the adequacy of foreign legal systems to provide fair hearings. *See Stroitelstvo*, 589 F.3d at 421-24; *Fischer v. Magyar Allamvasutak Zrt.*, 777 F.3d 847, 867 (7th Cir. 2015); *Deb v. SIRVA, Inc.*, 832 F.3d 800, 813 (7th Cir. 2016) (noting the lack of expert testimony in determining that defendant failed to meet its burden of demonstrating adequacy of forum in India). Neither party has provided experts on the features of Ugandan courts. Runze cites various online sources, and the Defendants do not offer any evidence at all. Without the benefit of expert testimony, the Court is ill-equipped to opine on whether Uganda provides a potential avenue for redress. Most importantly, however, because Protea Uganda and Protea International have been dismissed for lack of personal jurisdiction, leaving only Marriott as a defendant, at least at this point the most appropriate way to proceed would be to litigate the case against Marriott here on the limited issue of whether Marriott has any operational or other responsibility for the accident (this is discussed in more detail in the next section of the Opinion). At least in the first instance, it would make

11

little sense to litigate Marriott's connection to the accident in the Ugandan court system. The request to dismiss on *forum non conveniens* grounds is denied without prejudice at this time.

### C. Failure to State a Claim

Lastly, Marriott moves to dismiss the negligence claim against it (Count 1) for failure to adequately state a claim.[6] Fed. R. Civ. P. 12(b)(6). According to Marriott, the company did not own, operate, or manage the Protea Hotel, and thus owed no duty to Runze. Defs.' Mot. Dismiss at 14. The problem is that this relies on materials outside the pleadings, which this Court generally cannot consider in deciding a Rule 12(b)(6) motion. "A motion under Rule 12(b)(6) can be based only on the complaint itself, documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice." *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012). It is true that the Defendants could properly submit affidavits on a factual dispute on the issue of *personal jurisdiction*. *See* Simmons Decl., R. 18-4, Mot. Dismiss, Exh. D., Satterfield Decl. But the Defendants cannot, however, break the bounds of the pleadings and rely on the affidavits for purposes of a Rule 12(b)(6) motion. At the very least, the Court would have to convert the dismissal motion to a summary judgment motion, Fed. R. Civ. P. 12(d), but no conferral on discovery has taken place, nor did the parties follow Local Rule 56.1.

---

[6]Protea International makes a similar argument, but there is no need to address it because that entity has been dismissed for lack of personal jurisdiction.

12

Without the affidavits in the mix, limited to the face of the Complaint, Runze has alleged that Marriott owned, operated, and managed the hotel and therefore owed him a duty to maintain a safe premises. Compl. at 2. At the pleading stage, nothing more is required. Yes, the Court is skeptical about Runze's ability to prove those factual assertions, and given the structure of the hotel industry, it is not clear why Runze thinks that there was anything more than a marketing and licensing relationship between Marriott and the Protea Hotel. But at the pleading stage, he has alleged enough. So the motion to dismiss Count 1 against Marriott is denied.

Having said that, with the Protea entities out of the case, discovery shall not start in a general way but instead shall be limited to the issue of Marriott's alleged ownership, operation, and management of the Protea Hotel. The parties shall confer on a limited discovery schedule on those issues, and the parties shall file a proposed schedule in a joint status report on December 11, 2020. The Court also encourages Marriott to promptly start informal and voluntary discovery to provide information on these issues in an effort to convince Runze without the expense of formal discovery.

**D. Transfer of Venue**

One final point must be addressed: venue appears to be improper in Illinois. As far as the record shows, Illinois has no connection to the claims in this case at all. Not only did the accident happen in Uganda, Runze lives in Minnesota (and there is no suggestion that he lived in Illinois at the time of the accident) and Marriott is not based in Illinois. The only apparent connection is that the lawyers for both sides have offices here, which itself does not provide venue under federal law. 28 U.S.C.

13

§ 1391(b)(1)–(2). Even on the limited issue of Marriott's connection to the Protea Hotel, it is not apparent why Illinois law would apply, rather than Minnesota law (or possibly Ugandan law). It appears that transfer to the District of Minnesota would be appropriate, because at least Runze lives there and presumably took steps to make the hotel reservation there, underwent or is undergoing medical treatment there, and is still suffering the alleged emotional distress there. The Court will consider transferring the case to the District of Minnesota under 28 U.S.C. § 1406(a). *See MB Fin. Bank, N.A. v. Walker*, 741 F.Supp.2d 912, 915 (N.D. Ill. 2010) (Cole, M.J.) (*sua sponte* consideration of transfer under § 1406(a) is appropriate) (citing *Trujillo v. Williams*, 465 F.3d 1210, 1222 (10th Cir. 2006); *Janis v. Ashcroft*, 348 F.3d 491, 493 (6th Cir. 2003); *Muldoon v. Tropitone Furniture Co.*, 1 F.3d 964, 966 (9th Cir. 1993); *Feller v. Brock*, 802 F.2d 722, 729 (4th Cir. 1986); and *United Fin. Mortgage Corp. v. Bayshores Funding Corp.*, 245 F.Supp.2d 884, 896 (N.D. Ill. 2002) (St. Eve, J.) (holding that, under 28 U.S.C. § 1406, it "is appropriate for this Court to consider a transfer under this section *sua sponte*")). In the joint status report due on December 11, 2020, the parties shall set forth their respective positions on a transfer of the case to the District of Minnesota.

### IV. Conclusion

The motion to dismiss, R. 12, is granted in part and denied in part. Protea Uganda and Protea International are dismissed from the case for lack of personal jurisdiction. Marriott's motion to dismiss the count against it (Count 1) is denied, but

14

the parties shall propose limited discovery on Marriott's alleged ownership, operation, and management of the Protea Hotel, with the joint status report due by December 11, 2020 (including the parties' position on transfer of venue). The tracking status hearing of December 11, 2020, is reset to December 18, 2020, at 8:30 a.m., but to track the case only (no appearance is required, the case will not be called).

ENTERED:

        s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: November 29, 2020